

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent
Department of Education
Austin 11, Texas

Dear Sir:

Opinion No. O-7297

Re: Does Article 2858, V.A.C.S.
permit the operation of
several joint depositories,
or does it provide that all
textbook companies which have
State contracts to sell text-
books, must maintain one
common joint depository?

We have your letter propounding with regard to
Article 2858, Revised Statutes, 1925, the following inquiry:

"Does the above mentioned statute permit
the operation of several joint depositories, or
does it provide that all textbook companies
which have State contracts to sell textbooks,
must maintain one common joint depository?"

Article 2858, to which reference is made, reads
as follows:

"All parties with whom the contracts have
been made shall establish and maintain in some
city in the State a depository where a stock of
their goods to supply all immediate demands shall
be kept; and contractors not maintaining their
own individual or separate State agencies or de-
positories shall maintain a joint agency or
depository to be located at some suitable and
convenient distributing point. Any person, dealer
or school board in any county in the State may
order from the central depository; provided that

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Woods, Page 2

the price of books so ordered shall be paid
in advance. Upon the failure of any con-
tractor to furnish the books as provided in
the contract and in this Act, the county
judge in the county wherein such books have
not been furnished shall report the fact to
the Attorney General, and he shall bring suit
on account of such failure in the name of the
State of Texas in the district court of Travis
County, and shall recover on the bond given by
such contractor for the full value of the books
not furnished as required, and in addition
thereto the sum of one hundred dollars, and each
day of failure to furnish the books shall con-
stitute a separate offense, and the amounts so
recovered shall be placed to the credit of the
available school fund of the State. Any un-
organized county shall be furnished from the
same agency as the county to which said un-
organized county is attached for judicial pur-
poses in the same manner as such organized
county."

However, Article 2781 of the Revised Statutes of
1925 also pertains to the same matter; this article has been
amended since the 1925 revision (Ch. 213, Acts 40th Leg.)
but the amendment did not change the following language
pertinent to your question:

"All parties with whom book contracts
have been made shall establish and maintain
in some city in the State a depository where a
stock of their goods to supply all immediate
demands shall be kept; all contractors not
maintaining their own individual or separate
state agencies or depositories shall maintain
a joint agency or depository to be located at
some suitable and convenient distributing point,
at which general depository each contractor
joining in said agency shall keep on hand a
sufficient stock of books to supply the schools
of the State . . . ."

Honorable L. A. Woods, Page 3

As the two statutes relate to the same subject matter, they must be construed together; any inconsistency between the two must be resolved by the provisions of Article 2781 as amended as it is the latest expression of the legislature.

The purpose of the statutes obviously was to secure the maintenance in this State by textbook contractors of a stock of books to supply the immediate demands of the schools. This the statute permits them to do by maintaining either separate depositories, or joint depositories. The statutes do not prescribe the location of these depositories. Under the statutes, certain contractors could maintain their depository in one city in this State as a distributing point, others could maintain a joint depository in another city, if they desired to do so, and others in still a third city.

Nor do we read the statutes as preventing maintenance of more than one joint depository in a single city in this State. Article 2781 allows the contractor to maintain a separate depository, or to maintain "a joint agency or depository to be located at some suitable and convenient distributing point, at which general depository each contractor joining in said agency shall keep on hand a sufficient stock of books to supply the schools of the state." We think the statute is complied with by maintaining a depository, either separately, or in combination with others, whereat the requisite stock of books is kept on deposit in this State. Had the legislature intended to limit the number of joint depositories to a single unit, it would have been necessary for it to designate where and what should constitute such depository, or to authorize some one else to do so. The statutes do neither.

The practical construction of the statutes unbroken to date supports the conclusion that no single joint depository is required. We are informed that in addition to the several individual depositories maintained by current textbook contractors, there are presently two "joint depositories" located in Dallas. One, the Hugh Perry Depository,

Honorable L. A. Woods, Page 4

was established in 1925, as successor to Texas School Book Depository which theretofore was operated; and the Lone Star School Book Depository was in existence in 1924, having succeeded at that date Southern School Book Depository which theretofore operated.

In view of the long continued practical construction of the meaning of the statutes, we must assume that the Legislature is not unaware of the methods by which the mandates of the laws have been carried out, and that if a different meaning had been intended, the Legislature would have altered the language so as to determine the matter definitely. Moorman v. Terrell, 109 Tex. 173, 202 S. W. 727; Key v. Schneider, 110 Tex. 369, 221 S. W. 880. The practical construction thus observed carries greater weight in view of the fact that the Legislature amended Article 2871 in 1927, without changing the wording of the language governing the present inquiry. Oden v. Oates, 119 Tex. 76, 24 S. W. (2) 381; Federal Crude Oil Co. v. Yount Lee Oil Co., 122 Tex. 21, 52 S. W. (2) 56.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Gaynor Kendall
Assistant

GK:ms

APPROVED OCT 16 1946

_Harris Toler_
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN